UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PRODUCE ALLIANCE, LLC,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>LOMBARDO IMPORTS, INC., t/a<br>LOMBARDO PRODUCE, and THOMAS J.<br>LOMBARDO, JR., an individual,<br><br>　　　　　　　　Defendants. | Case No. 2:12-cv-00433-MMD-CWH<br><br>ORDER<br><br>(Plf.'s Motion for Default Judgment<br>– dkt. no. 9) |

**I.　SUMMARY**

Before the Court is Plaintiff's Motion for Default Judgment. (Dkt. no. 9.) Defendant Lombardo Imports, Inc., t/a Lombardo Produce ("Lombardo Produce") and Defendant Thomas J. Lombardo, Jr. have not responded. For the reasons stated below, the Motion is granted.

**II.　BACKGROUND**

This suit arises from Defendants' failure to pay for wholesale quantities of produce sold and delivered to Defendants by the Plaintiff. Plaintiff's Complaint alleges the following facts:

Between October 9, 2009, and December 5, 2011, Plaintiff sold and delivered $726,161.42 worth of produce to Defendants. Defendants received and accepted the produce but have failed and refused to pay Plaintiff any portion of the monies owed.

On March 14, 2012, Plaintiff filed the Complaint alleging five claims for: (1) failure to pay trust funds, (2) failure to pay promptly,[1] (4) breach of contract, (5) unlawful dissipation of trust assets by a corporate official, and (6) interest and attorney's fees. Defendants were served with the summons and complaint on April 17 and 18, 2012, with personal service to Thomas J. Lombardo, Jr., as an individual, and to Mr. Lombardo, as an officer of the corporation. Defendants have not appeared or answered. On June 15, 2012, the Clerk of the Court entered default against Defendants. Plaintiff now requests default judgment against Defendants.

### III.  LEGAL STANDARD

Obtaining a default judgment is a two-step process governed by the Federal Rules of Civil Procedure. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after the clerk enters default, a party must seek entry of default judgment under Rule 55(b).

Upon entry of default, the court takes the factual allegations in the non-defaulting party's complaint as true. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citation omitted). Nonetheless, although entry of default by the clerk is a prerequisite to an entry of default judgment, "a plaintiff who obtains an entry of default is not entitled to default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). Instead, whether a court will grant a default judgment is in the court's discretion. *Id.*

The Ninth Circuit has identified the following factors as relevant to the exercise of the court's discretion in determining whether to grant default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the

---

[1] Plaintiff skips the number "three" when numbering the causes of action resulting in a discrepancy in the numbering.

sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to the excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72.

## IV. DISCUSSION

### A. Procedural Requirements

Plaintiff has satisfied the procedural requirements for default judgment pursuant to Fed. R. Civ. P. 55(b). First, the Clerk properly entered a default against Defendants pursuant to Fed. R. Civ. P. 55(a). (Dkt. no. 8.)  Second, Defendants are not infants or incompetent persons, and are not otherwise exempt under the Soldiers' and Sailors' Civil Relief Act of 1940. Third, insofar as Defendants have not answered or otherwise responded to the Complaint, the notice requirement of Rule 55(b)(2) is not implicated. Thus, there is no procedural impediment to entering a default judgment.

### B. *Eitel* Factors

#### 1. Possibility of Prejudice

The first *Eitel* factor considers whether the plaintiff will suffer prejudice if default judgment is not entered. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (S.D. Cal. 2002). Here, Defendants have not answered, made an appearance, or otherwise responded to the Complaint.  Due to Defendants' refusal to appear in this action, there is the possibility of prejudice to Plaintiff in the absence of default judgment. If Plaintiff's motion for default judgment is not granted, Plaintiff will likely be without other recourse for recovery. Thus, this *Eitel* factor weighs in favor of entering default judgment.

#### 2. Substantive Merits and Sufficiency of the Complaint

The second and third *Eitel* factors favor a default judgment where the complaint sufficiently states a claim for relief under the "liberal pleading standards embodied in Rule 8" of the Federal Rules of Civil Procedure. *Danning v. Lavine*, 572 F.2d 1386, 1389 (9th Cir. 1978); *see also* Fed. R. Civ. P. 8.  Here, Plaintiff asserts the following

///

claims: (1) failure to pay trust funds, (2) failure to pay promptly,[2] (4) breach of contract, (5) unlawful dissipation of trust assets by a corporate official, and (6) interest and attorney's fees. Claims 1, 2, and 5 arise under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c)(4). Claims 4 and 6 arises under Nevada contract law.

### a. *PACA Claims*

Under PACA, it is unlawful for a produce purchaser to refuse "to account and make full payment promptly in respect of any transaction in any [perishable agricultural] commodity to the person with whom such transaction is had." 7 U.S.C. § 499b(4). The regulations specify that "prompt[ ]" payment for "produce purchased by a buyer" is payment "within 10 days after the day on which the produce is accepted." 7 C.F.R. § 46.2(aa)(5); *see* also *id.* § 46.2(aa)(11) (allowing parties to opt out of the ten-day default rule). To ensure payment, PACA imposes a statutory trust on the produce and produce-related assets. 7 U.S.C. § 499e(c)(2). To that end, the trust is maintained "until full payment of the sums owing in connection with such transactions has been received." *Id.* Any attempts to divert or dissipate, or failure to promptly pay trust assets, are also a violation of PACA. *See* 7 C.F.R. § 46.46(a)(2), (e)(1). Furthermore, "[a]n individual who is in the position to control the trust assets and who does not preserve them for the beneficiaries has breached a fiduciary duty, and is personally liable for that tortious act." *Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 283 (9th Cir. 1997).

Here, Plaintiff has adequately pled the PACA claims against both Defendants. Specifically, Plaintiff has adequately alleged that Plaintiff delivered produce to Defendant Lombardo Produce and Defendant Lombardo Produce failed to make a full prompt payment in violation of § 499(b)(4).  Plaintiff has alleged that a statutory trust was created and Defendant Lombardo Produce failed to maintain the statutory trust in violation of § 499e(c)(2). Plaintiff has also alleged that Defendant Thomas J. Lombardo, acting in a position of control over the statutory trust assets, unlawfully dissipated those

---

[2]Plaintiff skips the number "three" when numbering the causes of action resulting in a discrepancy in the numbering.

assets and is, thus, personally liable for the amount held by the statutory trust, $726,161.42. Therefore, Plaintiff has sufficiently stated claims for relief under PACA.

### b. *Nevada Contract Law Claims*

Nevada law requires the plaintiff in a breach of contract action to show: (1) the existence of a valid contract; (2) a breach by the defendant; and (3) damage as a result of the breach. *Saini v. Int'l Game Tech.*, 434 F. Supp 2d 913, 919–20 (D. Nev. 2006) (citing *Richardson v. Jones*, 1 Nev. 405, 405 (Nev. 1865).

While Plaintiff's Complaint alleges a breach of contract claim against both Defendants, Plaintiff's attached exhibits only indicate a contract with Defendant Lombardo Imports, not Thomas J. Lombardo, Jr. personally. Thus, Plaintiff has not stated a claim for breach of contract against Mr. Lombardo personally. However, Plaintiff has alleged and shown the existence of a valid contractual agreement between Plaintiff and Lombardo Produce via the attached invoices, which include required PACA disclaimers and disclosure of the service charge/interest rate for past due accounts. Plaintiff has alleged that Defendant Lombardo Produce has failed to tender payment for the produce that Plaintiff delivered and Defendant Lombardo Produce received. Therefore, Plaintiff has sufficiently stated claims for relief under Nevada contract law against Lombardo Produce for $726,161.42, plus interest in the amount of $268,401.42.

### 3. **Sum of Money at Stake**

Under the fourth *Eitel* factor, the Court considers "the amount of money at stake in relation to the seriousness of [a defendant's] conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. "This requires that the court assess whether the recovery sought is proportional to the harm caused by defendant's conduct." *Landstar Ranger, Inc. v. Parth Enter., Inc.*, 725 F. Supp. 2d 916, 921 (N.D. Cal. 2010). Via the invoices, Plaintiff has adequately shown proof of damage on the PACA claims, and the damages and amount of interest accrued as a result of the breach of contract.

///

///

Plaintiff seeks $726,161.42[3] in actual damages and $268,401.42[4] in interest calculated at 18% annually (1.5 percent/month) per the contract. In addition, Plaintiff seeks $2,388.50 in attorneys' fees. Assuming the facts alleged in the Complaint as true, there is a significant amount of money at stake due to Defendants' receipt of produce and failure to pay for the produce. Therefore, the recovery is proportional to the harm. The fourth *Eitel* factor weighs in favor of entry of default judgment.

### 4.     Possible Dispute

The fifth *Eitel* factor considers the possibility of dispute as to any material fact in the case. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.  "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Id.* Accordingly, no genuine dispute of material facts would preclude granting Plaintiff's motion. The fifth *Eitel* factor weighs in favor of entry of default judgment.

### 5.     Excusable Neglect

The sixth *Eitel* factor considers the possibility that the default resulted from excusable neglect. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.  The evidence shows that Thomas J. Lombardo, Jr. was served with the Summons and Complaint on April 17, 2012, pursuant to Fed. R. Civ. P. 4(f).  (Dkt. no. 4.) Furthermore, the evidence shows that Thomas J. Lombardo, Jr., an officer of Lombardo Produce and an officer capable of receiving service on behalf of the company, was served with the Summons and Complaint on April 18, 2012, pursuant to Fed. R. Civ. P. 4(f). (Dkt. no. 5.)  Defendants received service of the Summons and Complaint nearly two months before the Clerk's Entry of Default on June 15, 2012.  (Dkt. no. 8).  Thus, given the period of time during which Defendants had notice of the Complaint and in which Defendants failed to answer

///

---

[3] Based on the PACA statutory trust, all Defendants are jointly and severally liable for this amount.

[4] This amount is calculated from the contract claims again Defendant Lombardo Imports only.

or otherwise respond to the Complaint, it is unlikely that Defendants' failure to respond and subsequent default resulted from excusable neglect.

### 6. Decision on the Merits

The seventh *Eitel* factor states that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, the "mere existence of [Rule 55(b)] demonstrates that this 'preference, standing alone, is not dispositive.'" *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177 (citation omitted). Moreover, Defendants' failure to answer Plaintiff's Complaint makes a decision on the merits impractical, if not impossible. Thus, the Court is not precluded from entering default judgment against Defendants.

In sum, the *Eitel* factors weight in favor of default judgment. However, Plaintiff may not collect the entire amount sought jointly and severally. Specifically, because the interest accrued under the breach of contract claim, which was only properly alleged against Lombardo Produce, Plaintiff may collect that amount only from Lombardo Produce. Therefore, judgment is proper against Lombardo Produce for $994,562.84, which reflects judgment on the PACA and breach of contract claim/accrued interest. Plaintiff's judgment against Thomas J. Lombardo, Jr. is for $726,161.42, which reflects the judgment on the only viable claim against Mr. Lombardo – the PACA statutory trust claim.

### C. Attorney's Fees and Costs

The Ninth Circuit affords trial courts broad discretion in determining the reasonableness of costs and fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). Reasonable attorney's fees are based on the "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *See Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). The court must first determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley*, 461 U.S. at 433. Next, the court decides whether to adjust the lodestar calculation based on an evaluation of the factors articulated in *Kerr v. Screen*

*Extras Guild*, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. *See Fischer*, 214 F.3d at 1119 (citation omitted). Here, the *Kerr* factors are not implicated.

Courts consider the experience, skill, and reputation of the attorney requesting fees when determining the reasonableness of an hourly rate. *Webb v. Ada County*, 285 F.3d 829, 840 & n.6 (9th Cir. 2002). A reasonable hourly rate should reflect the prevailing market rates of attorneys practicing in the forum community for "similar services by lawyers of reasonably comparable skill, experience and reputation." *See id.*; *see also Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984).

In addition to evidence supporting the rates claimed, "[t]he party seeking an award of fees should submit evidence supporting the hours worked." *Hensley*, 461 U.S. at 433; *see also Jordan*, 815 F.2d at 1263. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. "The district court also should exclude from this initial fee calculation hours that were 'not reasonably expended'." *Hensley*, 461 U.S. at 433-34 (citation omitted). "In other words, the court has discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." *Edwards v. Nat'l Business Factors, Inc.*, 897 F. Supp. 458, 460 (D. Nev. 1995) (quotation omitted); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992).

Plaintiff requests reimbursement of attorney's fees at $325.00 an hour for Attorney Michael Hagemeyer's time based on his experience. The Court finds this rate to be reasonable. After reviewing Plaintiff's attached exhibits, the Court finds that Plaintiff's calculation of 6.10 hours of attorney labor is a reasonable amount of time spent on this litigation. Furthermore, the Court finds Plaintiff's cost request to also be reasonable and

///
///
///
///

awards costs in the amount of $446.50.[5] Therefore, the Court awards attorney's fees and costs in the requested amount of $2,388.50.

## V.   CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion for Default Judgment is GRANTED.

The Clerk of the Court shall enter judgment against the Defendant Lombardo Imports in the amount of $994,562.84 plus attorney's fees and costs in the amount of $2,388.50. The Clerk of the Court shall enter this judgment jointly and severally with Defendant Thomas J. Lombardo, Jr. up to $726,161.42, plus attorney's fees and costs in the amount of $2,388.50.

The Clerk of the Court is directed to close this case.

DATED THIS 9th day of January 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[5] The amount includes $23.50 in copy fees, a $350.00 filing fee, and a $73.00 process service fee.